UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WAYNE C.,[1]

                                                      Plaintiff,              Case # 23-CV-1253-FPG

v.                                                                          DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                                      Defendant.
_____

## INTRODUCTION

Plaintiff Wayne C. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied his application for Supplemental Security Income ("SSI") under Title XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3). Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 8, 10. For the reasons that follow, the Commissioner's motion is GRANTED, Plaintiff's motion is DENIED, and the complaint is DISMISSED WITH PREJUDICE.

## BACKGROUND

In January 2020, Plaintiff applied for SSI with the Social Security Administration ("the SSA"). Tr.[2] 76. He alleged disability since January 2019 due to several physical and mental impairments. Tr. 76-77. In January 2023, Administrative Law Judge Dina R. Loewy ("the ALJ") issued a decision finding that Plaintiff is not disabled. Tr. 15-31. In October 2023, the Appeals

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 5.

1

Council denied Plaintiff's request for review. Tr. 1-4. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At Step One, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to Step Two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant

restrictions on the claimant's ability to perform basic work activities. *Id.* § 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to Step Three.

At Step Three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id.* § 416.909, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 416.920(e)-(f).

The ALJ then proceeds to Step Four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. *Id.* § 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 416.960(c).

## DISCUSSION

### I.  The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 2020,

his application date. Tr. 17. At step two, the ALJ found that Plaintiff suffered from severe impairments of carpal tunnel syndrome, asthma, chronic obstructive pulmonary disease, generalized anxiety disorder, major depressive disorder, personality disorder, trauma disorder, and opioid disorder. *Id.* At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any Listings impairment. Tr. 19.

Next, the ALJ determined that Plaintiff had the RFC to perform the full range of work at all exertional levels, but with a number of non-exertional limitations. Tr. 22. At step four, the ALJ found that Plaintiff had no past relevant work. Tr. 29. At step five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. Tr. 29-30. The ALJ therefore found that Plaintiff was not disabled. Tr. 31.

**II.   Analysis**

Plaintiff argues that remand is warranted because (1) the ALJ failed to explain why she did not include a limitation identified by consultative examiner Janine Ippolito, Psy.D.; and (2) the ALJ erroneously relied on her own lay opinion to craft the RFC. *See generally* ECF No. 8-1.

**a.   Dr. Ippolito's Opinion**

In August 2020, Dr. Ippolito examined Plaintiff as part of a consultative psychiatric evaluation. Tr. 489. She diagnosed Plaintiff with major depressive disorder, generalized anxiety disorder, unspecified trauma-related disorder, and unspecified personality disorder. Tr. 492. Among other things, Dr. Ippolito opined that Plaintiff would be moderately limited in his abilities to sustain concentration and perform tasks at a consistent pace. Tr. 491. In her decision, the ALJ found Dr. Ippolito's opinion partially persuasive. Tr. 27.

Plaintiff interprets Dr. Ippolito's moderate limitation in concentration and persistence to mean that Plaintiff would "occasionally" be unable to focus, concentrate, and stay on task. ECF

No. 8-1 at 14.  Citing the vocational expert's opinion that an "occasional" inability to focus, concentrate, or stay on task would be work-preclusive, *see* Tr. 68, Plaintiff contends that the ALJ erred by failing to explain her decision to exclude this limitation.  ECF No. 8-1 at 14-15.

However, Plaintiff offers no authority to support the premise of his argument—*i.e.*, that a "moderate" limitation corresponds to an "occasional" inability to concentrate at work. "Occasional" means "up to one-third of the day," *John T. v. Comm'r of Soc. Sec.*, 652 F. Supp. 3d 372, 377 (W.D.N.Y. 2023), or approximately two hours each workday, *see* S.S.R. 83-10, 1983 WL 31251, at *5 (Jan. 1, 1983).  If Plaintiff's premise were true, a moderate limitation in concentration would always be work-preclusive—a position that finds no support in the case law. *See, e.g.*, *Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010) (moderate limitations in work-related functioning were not inconsistent with ability to perform "unskilled work"); *Stephanie F.B. v. Comm'r of Soc. Sec.*, No. 22-CV-311, 2024 WL 4116263, at *4 (W.D.N.Y. Sept. 9, 2024) (collecting cases and noting that "moderate limitations in the areas of concentrating, persisting, or maintaining pace are generally accommodated by a limitation to performing unskilled, routine work").

Regardless, even if Dr. Ippolito's opinion could be interpreted in the manner that Plaintiff proposes, the ALJ sufficiently articulated a rationale for declining to find Plaintiff's concentration deficits work-preclusive.  As noted in the decision, Plaintiff reported improvement on medication, the relevant clinical findings were generally unremarkable, and two state agency consultants determined that Plaintiff was capable of unskilled work.[3]  *See* Tr. 20, 25, 27, 28.  Because this is not a case in which the Court is "unable to fathom the ALJ's rationale in relation to [the] evidence

---

[3] Plaintiff does not develop any argument that these reasons were improper or insufficient.

in the record," *Berry v. Schweiker*, 675 F.2d 464, 469 (2d Cir. 1982), remand is unwarranted on the basis of the ALJ's alleged failure to explain her reasoning.

### b. Lay Opinion

In August 2020, Plaintiff met with consultative examiner John Schwab, D.O. Tr. 484. After the internal-medicine examination, Dr. Schwab diagnosed Plaintiff with carpal tunnel syndrome and opined that he would be moderately restricted in the repetitive use of his hands and grasping objects. Tr. 486. Two state agency consultants opined that Plaintiff would be limited to occasional handling due to carpal tunnel syndrome. Tr. 84, 104. The ALJ found these opinions to be of limited persuasive value, Tr. 25-26, and instead concluded that Plaintiff was capable of frequent handling. Tr. 22.

Plaintiff asserts that the ALJ erroneously "rejected" these opinions and instead "relied improperly on her own lay opinion" to find Plaintiff capable of frequent handling. ECF No. 8-1 at 15. The Court disagrees.

A person's RFC is the most he can do "despite his limitations." 20 C.F.R. § 404.1520(a)(1). "An RFC finding is administrative in nature, not medical, and its determination is within the province of the ALJ." *Curry v. Comm'r of Soc. Sec.*, 855 F. App'x 46, 48 n.3 (2d Cir. 2021) (summary order). In making an RFC finding, the ALJ is tasked with "weigh[ing] all of the evidence available" to make a finding "that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (summary order). The ALJ's "RFC conclusion need not perfectly match any single medical opinion in the record, so long as it is supported by substantial evidence." *Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022). Medical opinion evidence is not required to support a particular limitation when "the record contains sufficient

6

evidence from which an ALJ can assess the [claimant's] residual functional capacity." *Cook v. Comm'r of Soc. Sec.*, 818 F. App'x 108, 110 (2d Cir. 2020) (summary order).

As with her first argument, the premise of Plaintiff's second argument is incorrect: the ALJ did not outright "reject" the opinion of Dr. Schwab or those of the state agency consultants. The ALJ acknowledged that the limitations they identified were "somewhat supported" by the record but found that, ultimately, they were too restrictive. Tr. 25-26. Along with these opinions, the ALJ considered Plaintiff's unremarkable examination findings, Plaintiff's normal abilities with respect to fine motor activities in his hands, his daily and work activities, and the lack of treatment after his left-hand carpal-tunnel release surgery. *Id.* Considering these materials, the ALJ found that "no more than frequent manipulative restrictions were warranted." Tr. 26. In other words, the ALJ reasonably relied on the three opinions as relevant "data points" in her evaluation of the record as a whole. *Schillo*, 31 F.4th at 78. As the Second Circuit made clear in *Schillo*, an ALJ is not required to assign controlling weight to any one opinion; the relevant question on appeal is simply whether the RFC is "supported by substantial evidence."[4] *Id.* Because this is not a case where the ALJ failed to consider any expert guidance whatsoever, remand is not warranted on the theory that the ALJ relied solely on her "lay opinion" to construct the RFC.

## CONCLUSION

For all of the reasons stated, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 10) is GRANTED, and Plaintiff's Motion for Judgment on the Pleadings (ECF No. 8)

---

[4] While Plaintiff does not contend that the evidence on which the ALJ relied was insufficient to constitute "substantial evidence," *see* ECF No. 8-1 at 15-19, she does assert that the ALJ's rejection of the three opinions was "based on a clear mischaracterization" of the record. ECF No. 8-1 at 16. In substance, however, Plaintiff merely argues that the ALJ should have placed more weight on Plaintiff's continuing complaints after his carpal-tunnel surgery. *See id.*; Tr. 601. This is not a basis for remand. *See Gonzalez-Cruz v. Comm'r of Soc. Sec.*, 294 F. Supp. 3d 164, 187 (W.D.N.Y. 2018) ("[U]nder the substantial evidence standard of review, it is not enough for [P]laintiff to merely disagree with the ALJ's weighing of the evidence.").

is DENIED. The complaint is DISMISSED WITH PREJUDICE, and the Clerk of Court is directed to enter judgment and close this case.

    IT IS SO ORDERED.

Dated: March 10, 2025
       Rochester, New York

                                            _____
                                            HON. FRANK P. GERACI, JR.
                                            United States District Judge
                                            Western District of New York